In re MARRIAGE OF DAVID K. HARMON, Petitioner-Appellant, and MARGERY H. HARMON, Respondent-Appellee.

Second District   No. 2—89—1283

Opinion filed March 6, 1991.

Harry Schaffner, of Schaffner & Van Der Snick, P.C., of Geneva, for appellant.

Howard W. Broecker, of Howard W. Broecker & Associates, Ltd., of Geneva, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Petitioner, David Harmon, appeals from the judgment of the circuit court of Kane County ordering respondent, Margery Harmon, to pay $202 per month per child for child support. Petitioner raises two issues on appeal: whether the trial court's award was not supported by the evidence; and whether the trial court erred when it deviated from the guidelines set forth in section 505 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 505). We will briefly summarize only those facts necessary to resolve the issues presented in this appeal.

The parties' marriage was dissolved on December 30, 1985, in the circuit court of Du Page County. Petitioner was awarded custody of the parties' eldest child, Jennifer, and respondent was awarded custody of the other two minor children, David, Jr., and Alison. On June 23, 1988, petitioner filed a petition to enroll the judgment in Kane County circuit court and also filed a petition to change the custody of David, Jr., and Alison. The circuit court of Kane County granted petitioner's petition to enroll the judgment. On September 23, 1988, the court granted the petition to change custody but reserved the issue of child support.

On October 3, 1988, petitioner filed a petition for child support. At that time Jennifer was 16, David, Jr., was 14, and Alison was 12. The hearing on the petition was not held until August 14, 1989. In an opinion letter, the court summarized the evidence adduced.

Respondent was a recovering alcoholic and was unemployed. Respondent received $3,000 per month from a trust, of which she was the sole beneficiary. A custodial or agency account handled the funds. The account had an asset balance of $708,000 and an estimated annual income of $43,000. In addition, respondent also owned two other accounts which had a combined market value of $100,000. Respondent stated that she intended to convert those funds to cash and deposit the proceeds in her custodial or agency account. Respondent also received interest payments on a principal balance of $90,000 from petitioner, in the amount of $750-per-month. Respondent's most recent tax return showed an adjusted gross income of $55,752.24. Her affidavit of expenses showed that her expenses exceeded her income. The court noted, however, that some of those expenses appeared to be excessive.

Petitioner was a vice-president of the Harris Bank, earning a gross income of $125,000 per year. Petitioner did not file an affidavit of income and expenses, but he testified that his net monthly income was $6,700, and his monthly expenses included a mortgage payment of $1,725 and car payments totaling $510.

The court noted that it would consider income from all sources, including "unearned income" when determining the amount of child support. The court also considered the following factors: respondent's health problems; her employability; the amount of income produced by her accounts, as opposed to their market value; and petitioner's ability to support the children. The court concluded that respondent should contribute $140 per week in child support.

In the written order, the court adopted its findings from the letter opinion. However, the court ordered respondent to pay child support in the amount of $202 per month per child. Petitioner's timely appeal followed. Respondent also filed a notice of cross-appeal, but she has not pursued the matter.

Petitioner first contends that the trial court abused its discretion by not ordering respondent to pay child support in an amount equal to 32% of her net income. According to petitioner, the trial court did not calculate respondent's income properly because it did not consider all respondent's sources of income, including the $750-per-month interest payment by petitioner to respondent, nor the $10,000 given to respondent by her mother each year. Petitioner has not cited any authority to support the proposition that gifts are to be considered when determining net income.

Respondent argues that the trial court's finding of her net income was proper based on the evidence presented at the hearing. According to respondent, the interest payments are not income because they represent respondent's share of the marital property. In addition, respondent asserts that gifts are not to be considered when determining a parent's net income.

■■■ A trial court's findings regarding net income are within the trial court's discretion. (*In re Marriage of Scafuri* (1990), 203 Ill. App. 3d 385, 390.) According to the Act, net income is the total of all income from all sources. (Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(3).) We agree with the trial court's statement that passive income from bonds or securities will be considered when determining net income. (See *In re Marriage of Tatham* (1988), 173 Ill. App. 3d 1072, 1094.) However, when the unrefuted testimony is that the party does not actually receive the income from such passive sources, regardless of whether it is reported for Federal income tax purposes, it is not error

for the trial court to refuse to consider the additional reported amounts when calculating net income. *Ivanyi v. Granoff* (1988), 171 Ill. App. 3d 411, 421-22.

■■ The possibility of future financial resources also should not be considered when setting an award of child support. (*Ivanyi*, 171 Ill. App. 3d at 422.) For this reason, we agree with respondent that money she received as a gift cannot be considered income. Finally, we also agree with respondent that the monthly interest payments which comprise her share of the marital assets should not be used to calculate her net income. (See *In re Marriage of Hart* (1990), 194 Ill. App. 3d 839, 850.) We therefore conclude that the trial court did not abuse its discretion in determining respondent's net income.

Petitioner next contends that, even if the trial court used the right figures for determining respondent's net income, it abused its discretion by departing from the guidelines set forth in section 505(a)(1) of the Act. (See Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(1).) Petitioner argues that respondent should have been ordered to pay $229 per week, which is 32% of her net income.

■ Modification of child support is a matter of the trial court's discretion, and we will not disturb a modification absent an abuse of discretion. (*Blisset v. Blisset* (1988), 123 Ill. 2d 161, 167.) Section 505(a)(1) of the Act provides that the minimum amount of child support for three children should be 32% of the party's net income. (Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(1).) However, the guidelines are the beginning point for the determination, as they shift the burden of presenting evidence to the parent who is asking the court to deviate from the guidelines in setting the child support award. *Scafuri*, 203 Ill. App. 3d at 391.

■■ The factors which justify a deviation include:
"(a) the financial resources of the child;

(b) the financial resources and needs of the custodial parent;

(c) the standard of living the child would have enjoyed had the marriage not been dissolved;

(d) the physical and emotional condition of the child, and his educational needs; and

(e) the financial resources and needs of the non-custodial parent." (Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(2).)

As this court has recently noted, "the support schedules contained in the statute have less utility as the net income of the parties increases because the schedules are premised upon percentages related to average child-rearing expenses." (*Scafuri*, 203 Ill. App. 3d at 392.) In cases such as the present, where the parties both have above-average

incomes, the specific facts govern whether the court should adhere to the guidelines. (203 Ill. App. 3d at 392.) Child support is not intended to provide children with an extravagant lifestyle but is designed to insure adequate support payments for the upbringing of the children. *In re Marriage of Bush* (1989), 191 Ill. App. 3d 249, 261.

■ Here, the trial court found that petitioner had adequate resources to support the children on his income, which is an important factor. (*In re Marriage of Cornale* (1990), 199 Ill. App. 3d 134, 137.) The court also considered respondent's health problems, alcoholism and employability. We conclude that, based on all the evidence presented, the trial court did not abuse its discretion in ordering respondent to pay less than 32% of her net income for child support.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

DUNN and GEIGER, JJ., concur.