*In re* MARRIAGE OF PATRICIA M. BOLAND, Petitioner-Appellee, and JOHN F. BOLAND, Respondent-Appellant.

Fourth District   No. 4—99—0355

Argued November 10, 1999.—Opinion filed December 8, 1999.

Frederic M. Grosser (argued), of Law Office of Frederic M. Grosser, of Champaign, for appellant.

Kristen H. Fischer (argued) and John T. Wozniak, both of Fischer & Wozniak, P.C., of Urbana, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Respondent, John F. Boland, appeals the order of the circuit court of Champaign County, which increased his monthly child support obligation to petitioner, Patricia M. Boland. On appeal, respondent argues (1) the trial court abused its discretion by failing to deduct depreciation expense in calculating net income for the purposes of child support; (2) the trial court erred in improperly considering his current spouse's income in calculating net income for the purposes of child support; and (3) the trial court erred in ordering a retroactive increase in the child support award. We disagree and affirm.

## I. BACKGROUND

The parties were married July 21, 1979. Two children were born

to the marriage, Shannan Marie, born December 6, 1981, and Erin Elizabeth, born June 6, 1984. On July 7, 1986, petitioner filed a petition for dissolution of her marriage to respondent pursuant to the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1987, ch. 40, par. 101 *et seq.* (now 750 ILCS 5/101 *et seq.* (West 1998))). On May 12, 1987, the trial court granted the dissolution, and on June 29, 1987, the trial court entered the final judgment on remaining issues. The trial court awarded petitioner child support in the amount of $625 per month.

On February 20, 1998, petitioner filed a petition to modify child support under section 510 of the Act, seeking to increase the previously ordered monthly child support award in accordance with the guidelines set forth in section 505(a) of the Act. 750 ILCS 5/510 (West 1996); 750 ILCS 5/505(a) (West Supp. 1997). In July 1998 and August 1998, the trial court conducted hearings on the petition to modify child support. The parties stipulated the lapse of time since the entry of the judgment of dissolution of marriage was a sufficient basis for the court to reconsider the child support award.

At the hearings on the petition to modify, the evidence revealed respondent worked as a self-employed farmer. According to respondent's federal income tax returns, respondent's net taxable income for 1995, 1996, and 1997 was $35,057, $28,241, and $30,343, respectively. In calculating net income for federal income tax purposes, respondent claimed depreciation expenses for 1995, 1996, and 1997, which were $9,785, $11,781, and $16,691, respectively.

On April 5, 1999, the trial court granted petitioner's request to modify, increasing the child support award to $1,000 per month. The trial court calculated this award based on a net income figure that was derived by adding respondent's average claimed depreciation expense of $12,752 for the three-year period to his average net taxable income of $31,214 as reported on his federal income tax returns. The trial court also considered the value of his rent-free occupancy of a farmhouse owned by respondent's father. This appeal followed.

## II. ANALYSIS

We first address respondent's contention the trial court erred in computing his net income for the purposes of determining child support.

Section 505(a) of the Act requires the trial court set the minimum amount of child support for two children at 25% of the noncustodial parent's net income, unless the trial court finds reason to deviate from this percentage. 750 ILCS 5/505(a) (West 1998). Section 505(a)(3) of the Act defines "net income" as the total of all income

from all sources minus (1) federal income tax, (2) state income tax, (3) social security withholdings, (4) mandatory retirement contributions, (5) union dues, (6) dependent and individual health insurance premiums, (7) prior obligations of support or maintenance, and (8) expenditures for repayment of debts that represent reasonable and necessary expenses for the production of income. 750 ILCS 5/505(a)(3) (West 1998). The findings of the trial court as to net income and the award of child support are within its sound discretion and will not be disturbed on appeal absent an abuse of discretion. *In re Marriage of Freesen*, 275 Ill. App. 3d 97, 103, 655 N.E.2d 1144, 1148 (1995).

■ First, respondent claims the trial court improperly computed his net income by failing to deduct depreciation expense relating to farm machinery and equipment used in the operation of his farm. Respondent argues such expenses are "reasonable and necessary expenses for the production of income" pursuant to section 505(a)(3)(h) of the Act (750 ILCS 5/505(a)(3)(h) (West 1998)). In response, petitioner contends depreciation expense is not an expenditure for repayment of debts within the meaning of the Act. We agree.

In *In re Marriage of Minear*, 287 Ill. App. 3d 1073, 679 N.E.2d 856 (1997), this court confronted analogous opposing arguments. In *Minear*, we found that section 505(a)(3)(h) of the Act (750 ILCS 5/505(a)(3)(h) (West 1994)) does not provide for depreciation expense to be deducted in determining net income for the purposes of awarding child support. *Minear*, 287 Ill. App. 3d at 1076, 679 N.E.2d at 859; accord *In re Marriage of Nelson*, 297 Ill. App. 3d 651, 656, 698 N.E.2d 1084, 1088 (1998) (finding depreciation expense for farm equipment did not constitute debt repayment); but cf. *Posey v. Tate*, 275 Ill. App. 3d 822, 827, 656 N.E.2d 222, 226 (1995) (finding depreciation expense deductible as a reasonable and necessary expense for the production of income); *In re Marriage of Davis*, 287 Ill. App. 3d 846, 854, 679 N.E.2d 110, 116 (1997) (allowing depreciation expense attributable to real estate to be deducted from net income). The Supreme Court of Illinois affirmed this court's decision in *Minear* on other grounds without deciding whether depreciation expense may be deducted in determining an individual's net income under the Act. *In re Marriage of Minear*, 181 Ill. 2d 552, 560, 693 N.E.2d 379, 382 (1998).

To the extent our holding in *Minear* was unclear, we reiterate that holding to provide clear guidance to the trial court and the parties as to the proper method of determining net income for the purposes of awarding child support. *Minear*, 287 Ill. App. 3d at 1076, 679 N.E.2d at 859. While in some circumstances depreciation expense may be a "reasonable and necessary expense[ ] for the production of income," depreciation expense is not an "[e]xpenditure[ ] for repayment of

debts" within the meaning of section 505(a)(3)(h) of the Act. 750 ILCS 5/505(a)(3)(h) (West 1998).

The determination of "net income" in this context is a straightforward, mechanical process, explicitly delineated by the legislature in section 505(a)(3) of the Act. *Gay v. Dunlap*, 279 Ill. App. 3d 140, 146, 664 N.E.2d 88, 93 (1996). The trial court must use the Act's statutory definition of "net income," not a definition from the Internal Revenue Code. *In re Marriage of Pylawka*, 277 Ill. App. 3d 728, 732, 661 N.E.2d 505, 509 (1996); *In re Marriage of Partney*, 212 Ill. App. 3d 586, 592-93, 571 N.E.2d 266, 270 (1991). Under section 505(a)(3)(h) of the Act (750 ILCS 5/505(a)(3)(h) (West 1998)), depreciation expenses are not "[e]xpenditures for repayment of debts that represent reasonable and necessary expenses for the production of income."

We note, however, under section 505(a)(2) of the Act (750 ILCS 5/505(a)(2) (West 1998)), the trial court is given broad discretion to carefully balance many factors in determining whether to *depart* from the statutory guidelines. In deciding whether to deviate from the minimum statutory guidelines provided in the Act, the trial court might well, in an appropriate case, consider depreciation expense in examining the " 'financial[ resources and needs of the non[ ]custodial parent.' " *Gay*, 279 Ill. App. 3d at 147-48, 664 N.E.2d at 94, quoting 750 ILCS 5/505(a)(2)(e) (West 1992).

We conclude the trial court did not abuse its discretion in refusing to deduct the claimed depreciation expense for farm equipment from respondent's net income for the purposes of determining child support.

Next, respondent attempts to argue the trial court erred in improperly considering his current spouse's income in calculating net income for the purposes of determining child support. Indeed, the financial status of the noncustodial parent's current spouse may not be considered in determining the ability of that party to fulfill his or her obligation of child support. *In re Marriage of Keown*, 225 Ill. App. 3d 808, 813, 587 N.E.2d 644, 647 (1992). Here, however, respondent failed to produce sufficient evidence to support the contention his current spouse retained a 35% ownership interest in the farming operation. The trial court did not err in rejecting respondent's assertion.

Last, respondent argues the trial court erred in ordering the increased award of child support to be retroactive to February 20, 1998. Section 510(a) of the Act (750 ILCS 5/510(a) (West 1998)) provides that the trial court may retroactively modify a child support award to the date of the filing of the petition to modify. *Freesen*, 275 Ill. App. 3d at 106, 655 N.E.2d at 1150. Here, the record reveals petitioner filed her petition to modify on February 20, 1998. We

■■■■■■ ■■■■■■

conclude the trial court did not abuse its discretion in ordering a retroactive increase in child support payments.

## III. CONCLUSION

The judgment of the circuit court of Champaign County is affirmed.

Affirmed.

McCULLOUGH and GARMAN, JJ., concur.