*In re* MARRIAGE OF JOAN ROGERS, Petitioner-Appellee, and MARK ROGERS, Respondent-Appellant.

First District (4th Division)   No. 1—02—3785

Opinion filed December 31, 2003.

Paul J. Bargiel, P.C., of Chicago (Paul J. Bargiel, of counsel), for appellant.

Joan Gordinier Rogers, of Chicago, appellee *pro se*.

JUSTICE HARTMAN delivered the opinion of the court:

Respondent, Mark Rogers (Mark), appeals from the circuit court's judgment in a postdissolution of marriage proceeding, wherein his monthly child support payment was increased from $250 to $1,000 per

month. The court found Mark "receives $46,000 per year in gifts and loans from his parents and earns $15,000 per year and has a gross income of $61,000 for which [he] has little or no tax liability." No report of proceedings or reference to any record documentation is set forth in explanation or support of these conclusions.

On appeal, Mark questions only whether the circuit court erred in failing to deduct $46,000 in "gifts and loans" from his annual income in calculating child support. He maintains that this court must determine whether the term "net income," as employed in the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 *et seq.* (West 2000)) (Act), includes "gifts and loans." Petitioner, Joan Rogers (Joan), *pro se*, responds that Mark "simply attempted to characterize the largest portion of his annual income as gifts and loans" to lessen his child support obligation. Joan asserts that the court's characterization of the funds as "gifts and loans" is inaccurate.

■ This case involves questions of fact and law. Therefore, it must first be determined if the circuit court improperly characterized the money as it did. It is possible that the court's factual determinations were based on the testimonial evidence presented or documentary evidence, or perhaps, both; however, the record is barren of any evidence that might serve either to support or to disturb the court's findings. This court will not speculate in ascertaining the form in which the money was given, whether it was given regularly, or whether it will be received or terminated in the future. In the absence of a sufficiently complete record on appeal, it will be presumed that the court's order had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984). Where, as here, the record does not support an alternate finding, the circuit court cannot be said to have abused its discretion in characterizing $46,000 of Mark's income as gifts and loans.

■ The remaining issue is whether the court erred in prohibiting Mark from deducting gifts and loans from his gross income, a question of law and reviewed *de novo*. *Gay v. Dunlap*, 279 Ill. App. 3d 140, 145, 664 N.E.2d 88 (1996) *(Gay)*. Regarding gifts, Mark relies exclusively on *In re Marriage of Harmon*, 210 Ill. App. 3d 92, 568 N.E.2d 948 (1991) *(Harmon)*, where the court held a $10,000 annual gift from respondent's mother to be deductible from gross income. This holding was based on the court's uncertainty that the gift would be received in the future. *Harmon*, 210 Ill. App. 3d at 95-96. Absent this contingency, the exclusion of gifts from net income lacks clear support in Act.

■ Under the Act, child support awards are a direct function of net income, the calculation of which is a straightforward, mechanical process, explicitly set forth in section 505(a)(3) of the Act (*In re Mar-*

*riage of Boland*, 308 Ill. App. 3d 1063, 1067, 721 N.E.2d 815 (1999)) (*Boland*), where "net income" is to be considered as the total of "all income from all sources," minus delineated deductions. See 750 ILCS 5/505(a)(3) (West 2000). There is a rebuttable presumption that all income, unless specifically excluded, is income for child support purposes. *Department of Public Aid ex rel. Jennings v. White*, 286 Ill. App. 3d 213, 218, 675 N.E.2d 985 (1997). Although gifts may be deducted from income for purposes of taxation, the circuit court must use the Act's definition of "net income," not a definition from the Internal Revenue Code. *Boland*, 308 Ill. App. 3d at 1067; *In re Marriage of Davis*, 287 Ill. App. 3d 846, 852, 679 N.E.2d 110 (1997) (*Davis*).

■ Subsection 505(a)(3)(h) of the Act makes deductible "reasonable expenditures for the benefit of the child and the other parent, exclusive of gifts." The phrase, "exclusive of gifts," references solely the clause, "reasonable expenditures for the benefit of the child and other parent." The word "gifts" refers to those given to the child or custodial parent, and are nondeductible. The Act does not, however, permit the deduction of gifts received as unearned income. This construction is consistent with the axiom that where the language of a statute is clear, the court must give it effect. *Gay*, 279 Ill. App. 3d at 147.[1]

■ Turning to whether loans may be deducted under the Act, the statute allows for the deduction of "[e]xpenditures for repayment of debts that represent reasonable and necessary expenses for the production of income." Respondent's reliance upon *Consolidated-Hammer Dry Plate & Film Co. v. Commissioner of Internal Revenue*, 317 F.2d 829 (7th Cir. 1963), for the assertion that the proceeds of a loan do not constitute taxable income is without merit. The Act's definition of "net income" for child support purposes must be applied; not the tax code. *Boland*, 308 Ill. App. 3d at 1067; *Davis*, 287 Ill. App. 3d at 852. Respondent provides no authority for his contention that loans may be excluded from child support; indeed, his position directly contradicts the language of the Act, which provides only for the deduction of "expenditures for repayment of debt," not the proceeds. The record presented in this appeal is devoid of any evidence relating to "expenditures for repayment of debt."

■ Accordingly, loans and gifts are to be considered in calculating

---

[1]In a recent case, *In re Marriage of Bowlby*, 338 Ill. App. 3d 720, 730, 789 N.E.2d 366 (2003), the court, citing *Harmon*, seemingly disregarded the Act's language in noting respondent "fails to cite authority to support the proposition that gifts are to be considered when a court determines net income for child support purposes."

child support payments. The circuit court did not commit error by not deducting Mark's unearned annual income.

For the reasons set forth above, the judgment of the circuit court is affirmed.

Affirmed.

GREIMAN and THEIS, JJ., concur.